[643 NYS2d 821]

In the Matter of JOHN G. SIRACUSA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 31, 1996

## APPEARANCES OF COUNSEL

*Gerald M. LaRusso,* Buffalo *(Andrea E. Tomaino* of counsel), for petitioner.

*John G. Siracusa,* Buffalo, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, First Department, on January 26, 1976, and is

currently employed in Buffalo. The Grievance Committee has filed a petition charging respondent with misconduct concerning the operation of his trust account. Respondent in his answer admits the material allegations of the petition and sets forth matters in mitigation.

The petition alleges that, during the period from 1990 to 1991, respondent commingled personal funds with client funds, withdrew client funds for purposes unrelated to the subject matter of his employment, issued checks payable to cash and to himself from his trust account, failed to maintain records indicating the purpose of those disbursements and used his trust account as his operating account.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain, preserve and identify client funds;

DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain records indicating the purpose of each withdrawal from his attorney trust account; and

DR 9-102 (E) (22 NYCRR 1200.46 [e])—withdrawing funds from a special account by issuing checks payable to cash.

In mitigation, respondent asserts that, during the period in question, he represented two clients whose principals were his close friends. The commingling resulted from his use of a master checking account and separate associated savings accounts for each client for business transactions that, according to affidavits from the clients, were authorized by them. The Grievance Committee's reply does not dispute the assertion of respondent that he did not misappropriate client funds. We therefore conclude that respondent should be censured.

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur.

Order of censure entered.